UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| NATHAN GRANT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 14- 2230 |
| | ) | |
| CHARLES MCGREW, et.al., | ) | |
| | ) | |
| Defendants. | | |

### MERIT REVIEW AND CASE MANAGEMENT ORDER

This cause is before the court for merit review of the plaintiff's claims. The plaintiff participated by video conferencing. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The plaintiff, a *pro se* prisoner, filed his lawsuit pursuant to 28 U.S.C. §1983 claiming his constitutional rights were violated at the Douglas County Jail. The plaintiff has adequately alleged Defendants Nurse Peg Clark, Dr. Michael Honan and Jail Administrator Richard Birkle were deliberately indifferent to his serious medical condition in September and October of 2012 after he was bitten by a Recluse spider. The plaintiff has failed to allege any personal involvement by Sheriff Charles McGrew or Chief Deputy Peter Buckley and therefore the court will dismiss these two

1

Defendants. *McBride v. Soos*, 679 F.2d 1223, 1227 (7th Cir. 1982)(a defendant cannot be held liable under 42 USC §1983 unless a Plaintiff can demonstrate that the defendant caused or participated in the alleged constitutional violation); *see also Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992) (the mere fact that a defendant was a supervisor is insufficient to establish liability because the doctrine of respondeat superior (supervisor liability) does not apply to actions filed under 42 USC §1983).

The plaintiff has also filed a motion for appointment of counsel.[5] In considering the plaintiff's motion, the court asks: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007*), citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir.1993). The plaintiff has demonstrated an attempt to find counsel on his own. However, based on his pleadings, the court believes the plaintiff is capable of representing himself. Though the case appears to involve his medical condition, plaintiff's Complaint is literate and on-point, coherently setting forth the factual basis of his claims and describing in detail the pain he experienced and the defendants' responses to his pleas. Through simple discovery requests plaintiff should be able obtain his medical records to corroborate his medical problems. The court notes the plaintiff has already attached 60 pages of exhibits to his initial complaint. He should also be able to testify personally to the pain he experienced, his attempts to obtain help, and the responses he received, which can be used to show evidence of deliberate

indifference. *See Ledford v. Sullivan*, 105 F.3d 354, 358 (7th Cir. 1997)(expert testimony not necessarily required to establish deliberate indifference).

IT IS THEREFORE ORDERED that:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the court finds the plaintiff alleges Defendants Nurse Peg Clark, Dr. Michael Honan and Jail Administrator Richard Birkle were deliberately indifferent to his serious medical condition in September and October of 2012 after he was bitten by a spider.  Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for defendants before filing any motions, in order to give defendants notice and an opportunity to respond to those motions.  Motions filed before defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.

3) The court will attempt service on defendants by mailing each defendant a waiver of service.  Defendants have 60 days from the date the waiver is sent to file an Answer.  If defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, plaintiff may file a motion requesting the status of service.  After defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a defendant who no longer works at the address provided by plaintiff, the entity for whom that defendant worked while at that address shall provide to the Clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this order. In general, an answer sets forth defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by defendants. Therefore, no response to the answer is necessary or will be considered.

6) This District uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by plaintiff with the Clerk. Plaintiff does not need to mail to defense counsel copies of motions and other papers that plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses

directly to defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

7) Counsel for defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10) Within 10 days of receiving from defendants' counsel an authorization to release medical records, the plaintiff is directed to sign and return the authorization to defendants' counsel.

11) **The clerk of the court is directed to dismiss Defendants Sheriff Charles McGrew or Chief Deputy Peter Buckley for failure to state a claim upon which relief can be granted.**

12) **The plaintiff's motion for appointment of counsel is denied.[5]**

13) The clerk is directed to attempt service on the remaining defendants pursuant to the standard procedures.

14) The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

Entered this 19th day of November, 2014

/s/ Harold A. Baker
_____
HAROLD A. BAKER
United States District Judge